**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| LARRY WILLIAMS,<br>Petitioner, | Civil Action No. 1:08-cv-136 |
| vs. | Spiegel, J.<br>Hogan, M.J. |
| TIMOTHY BRUNSMAN, WARDEN,<br>Respondent. | **REPORT AND<br>RECOMMENDATION** |

Petitioner, a state prisoner, brings this case *pro se* seeking a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on the petition (Doc. 3), respondent's return of writ and exhibits thereto (Doc. 11), petitioner's motions "for leave to supplement complaint" (Doc. 6), for summary judgment (Doc. 12), and to appoint counsel (Doc. 13), respondent's memorandum in opposition to the motion for summary judgment (Doc. 14), and petitioner's reply memorandum in support of summary judgment. (Doc. 15).

Petitioner's motion "for leave to supplement complaint" (Doc. 6) is in reality a motion to supplement his petition to allege additional facts in support of the petition and, as best the Court can discern, to raise an additional claim that petitioner was prosecuted twice for the same crime in violation of the prohibition against double jeopardy. (Doc. 6 at 5). For good cause shown, the motion is **GRANTED**.

## I. PROCEDURAL HISTORY

### State Court Trial Proceedings

In March 2002, petitioner was indicted on one count of aggravated burglary, a first degree

felony, and one count of burglary, a second degree felony. (Doc. 11, Exh. 1, Case No. B0201940).

In a separate indictment, petitioner was charged with two counts of burglary, one a second degree felony and one a fourth degree felony. (Doc. 11, Exh. 2, Case No. B0107851). The trial court consolidated both cases. (Doc. 11, Exh. 3).

Petitioner was convicted on the three counts of burglary following a jury trial. The aggravated burglary charge was dismissed for want of prosecution. (Doc. 11, Exhs. 5-7, 9). On May 30, 2002, the trial court imposed terms of eight years imprisonment on each of the second degree felony burglary convictions and one and one-half years imprisonment on the fourth degree felony burglary conviction, all to be served consecutively for a total aggregate term of seventeen and one-half years. (Doc. 11, Exhs. 6, 7).

## Direct Appeal

Petitioner, represented by new counsel, filed a timely appeal to the First District Court of Appeals, Hamilton County, Ohio. Counsel for petitioner filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that he was unable to find any meritorious issue to present on appeal.[1] (Doc. 11, Exh. 9). Nevertheless, after consultation with petitioner, counsel set forth in his brief ten points petitioner wished to be addressed in his appeal. (Doc. 11, Exh. 9 at 6-7). The State filed a response. (Doc. 11, Exh. 10). On March 26, 2003, the First District Court of Appeals affirmed the judgment of the trial court after concluding "that the proceedings below

---

[1] Where counsel appointed for the direct appeal believes, after conscientious examination, the appeal to be without merit, *Anders* requires the attorney to so advise the court, ask permission to withdraw, and file a brief directing the appellate court's attention "to anything in the record that might arguably support the appeal." *Anders*, 386 U.S. at 744 (internal citations omitted). The defendant must be notified and given the opportunity to raise any additional points. *Id.*

2

were free of error prejudicial to Williams." (Doc 11, Exh. 11 at 2).

Petitioner did not pursue an appeal to the Ohio Supreme Court.

Meanwhile, on July 10, 2002, petitioner filed a pro se notice of appeal and a motion for delayed appeal in the First District Court of Appeals under case number C020451, attacking his May 30, 2002, sentence. (Doc. 11, Exhs. 12-13). The State filed a response. (Doc. 11, Exh. 14). On August 23, 2002, the Court of Appeals overruled petitioner's motion finding his appeal untimely and noting that petitioner already had a timely appeal pending in case number C020417. (Doc. 11, Exh. 15 Case No. C-020451).

## Application to Reopen

On June 20, 2003, petitioner filed a pro se application to reopen his direct appeal based on the ineffective assistance of appellate counsel for counsel's failure to raise as an assignment of error the failure to disclose in discovery evidence favorable to the defense. (Doc. 11, Exh. 16). The State filed a memorandum in opposition. (Doc. 11, Exh. 17). On September 8, 2003, the Court of Appeals court denied the application to reopen finding that the claim depended on evidence outside the record and that the appropriate vehicle for raising this claim was a postconviction petition. (Doc. 11, Exh. 18).

Petitioner timely appealed to the Supreme Court of Ohio which denied petitioner leave to appeal on December 24, 2003. (Doc. 11, Exhs. 19-21).

## Post-conviction Proceedings

On October 10, 2006, petitioner filed a pro se post-conviction petition in the trial court arguing his sentence violated *Blakely v. Washington*, 542 U.S. 296 (2004). The State opposed the petition. (Doc. 11, Exh. 23). On October 29, 2006, the trial denied the petition on the basis

that neither *Blakely* nor *State v. Foster*, 109 Ohio St.3d 1, 845 N.E.2d 470 (2006), applied retroactively. (Doc. 11, Exh. 24).

On January 19, 2007, petitioner appealed to the First District Court of Appeals. (Doc. 25). The Court of Appeals denied the appeal as untimely on February 22, 2007. (Doc. 11, Exhs. 26, 27). Petitioner's timely appeal to the Ohio Supreme Court was denied and dismissed as not involving any substantial constitutional question. (Doc. 11, Exhs. 28-31).

### Federal Habeas Corpus

On February 27, 2007, petitioner, proceeding *pro se*, filed a petition for writ of habeas corpus in this Court.[2] (Doc. 3). The petition sets forth three grounds for relief:

**GROUND ONE:** Ex post facto *State v. Foster*, *Blakely v. Washington*.

**Supporting Facts**: Consecutive sentences violates the ex post facto clause.

**GROUND TWO**: Similar imports as to O.R.C. 2941.25.

**Supporting Facts:** Allied offenses with similar or same imports.

**GROUND THREE:** Similar imports consecutive sentences violates *Blakely v. Washington*.

(Doc. 3). Petitioner also alleges a double jeopardy claim in his motion to amend the petition. (Doc. 6 at 5).

Respondent contends the petition is time-barred and should be dismissed; that petitioner's grounds for relief have been procedurally defaulted and waived; and that the grounds for relief are without merit. Because the Court agrees that the instant petition is untimely under the one-

---

[2]Petitioner's habeas petition was "received" by the Clerk of Court on February 27, 2007. (Doc. 3). Since his habeas petition does not contain an execution date, the Court deems the petition to be filed as of February 27, 2007 when it was received.

4

year statute of limitations and should be dismissed as time-barred, the Court declines to reach respondent's alternate contentions.

## II. THE PETITION SHOULD BE DISMISSED AS TIME-BARRED.

Respondent argues that the petition is barred from review by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214. Under 28 U.S.C. § 2244(d)(1), a person in custody pursuant to the judgment of a state court must file an application for writ of habeas corpus within one year from the latest of: (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. Under 28 U.S.C. § 2244(d)(2), the running of the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

In this case, Grounds One and Three of the petition essentially assert that petitioner was sentenced in violation of the Sixth Amendment pursuant to the Supreme Court's decisions in *Blakely v. Washington*, 542 U.S. 296 (2004), a claim that arose at the time petitioner was

sentenced. The claim alleged in Ground Two (that petitioner's sentence violates due process because he was sentenced for crimes which are allied offenses of similar import) and petitioner's double jeopardy claim alleged in Document 6 (that petitioner was prosecuted twice for the same crime) involve allegations of error that occurred at the time of conviction and sentencing.[3] Since petitioner was aware of the facts underlying his claims by close of the trial and before the conclusion of the direct review proceedings, his grounds for relief are governed by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), which began to run when petitioner's conviction became "final" by the conclusion of direct review or the expiration of time for seeking such review.

The Court notes that the claims in this case are not governed by § 2244(d)(1)(B) or (C) which would serve to delay the commencement of the statute of limitations. For the limitations period set forth in § 2244(d)(1)(C) to apply, it must be established that the legal basis for petitioner's claims was "newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review." Petitioner alleges that the non-minimum and consecutive sentences imposed for his robbery convictions are unconstitutional under the

---

[3]Petitioner's allied offenses and double jeopardy claims are not entirely clear. The indictments charged petitioner with three burglary offenses involving three different homes and three different victims, and occurring at three different times. (Doc. 11, Exhs. 1, 2; *see also* Exh. 9 at 3-4, Exh. 10 at 2). While Ohio Revised Code § 2941.25(A) prohibits sentencing a defendant for allied offenses of similar import, petitioner's crimes are not allied offenses of similar import, but involve separate incidents on separate dates, as well as separate victims. Where crimes are "committed separately and with a separate animus [they] cannot be considered allied offenses of similar import." *State v. Wayne*, 2003 WL 684584, *3 (Ohio App. 7th Dist. 2003) (citing *State v. Blankenship*, 38 Ohio St.3d 116, 526 N.E.2d 816 (1988)). *See State v. Smith*, 80 Ohio St.3d 89, 118, 684 N.E.2d 668, 694 (1997) (injury is an element of aggravated robbery; because defendant inflicted injuries on each victim, the offenses were separate), *cert. denied*, 523 U.S. 1125 (1998). *See also United States v. Dixon*, 509 U.S. 688, 696 (1993); *Blockburger v. United States*, 284 U.S. 299, 304 (1932). Thus, even if petitioner's claims were not barred by the statute of limitations, they would be without merit.

6

Supreme Court's decision in *Blakely*.[4]

Petitioner was sentenced in 2002 and his appeal was denied in 2003, well before the United States Supreme Court handed down *Blakely* on June 24, 2004. It is settled in the Sixth Circuit that *Blakely* does not apply retroactively to cases on collateral review where the conviction in question became final prior to the date of the *Blakely* decision. *See Humphress v. U.S.*, 398 F.3d 855, 860 (6th Cir. 2005), *cert. denied*, 546 U.S. 885 (2005) (*United States v. Booker*, 543 U.S. 220 (2005), which extends the reasoning of *Blakely* to the federal sentencing guidelines, is not retroactive). *See also Valentine v. U.S.*, 488 F.3d 325, 329-31 (6th Cir. 2007); *Spiridigliozzi v. U.S.*, 117 Fed. Appx. 385, 394 (6th Cir. 2004); *cf. Allen v. Moore*, 1:05-cv-731, 2007 WL 651248, at *4 & n. 1 (S.D. Ohio Feb.23, 2007) (Barrett, J.) (unpublished) (noting that *Blakely* applied in case where the petitioner was sentenced pre-*Blakely*, but his direct appeal was still pending on the date *Blakely* was decided). Petitioner's conviction became final on May 12, 2003, when the 45-day period expired for filing an appeal to the Ohio Supreme Court from the

---

[4]In *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the Supreme Court held, "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. The Supreme Court in *Blakely* reaffirmed *Apprendi's* holding, but clarified:

> [T]he "statutory maximum" for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*. . . . In other words, the relevant "statutory maximum" is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings.

542 U.S. at 303-304 (internal citations omitted) (emphasis in the original).

The Ohio Supreme Court in *State v. Foster*, 109 Ohio St.3d 1, 845 N.E.2d 470 (2006), held that certain provisions of Ohio's sentencing statute were unconstitutional under *Blakely* because they mandated additional judicial fact-finding before the imposition of (1) more than the minimum term for those who have never served a prison term; (2) the maximum prison term; (3) consecutive prison terms; and (4) repeat-violent-offender and major-drug-offender penalty enhancements. *See id.* at 19-25, 845 N.E.2d at 490-94. To remedy the unconstitutional nature of the statute, the Ohio Supreme Court severed the *Blakely*-offending portions and granted trial courts "full discretion to impose a prison sentence within the statutory range" without having to make findings or give reasons for imposing maximum, consecutive, or more than minimum sentences. *Id.* at 25-30, 845 N.E.2d at 494-98.

7

Ohio Court of Appeals' decision affirming the judgment of the trial court, over one year prior to the *Blakely* decision. Therefore, the running of the statute of limitations under Section 2244(d)(1)(C) does not apply to this habeas petition.

Nor may petitioner rely upon the Ohio Supreme Court's decision in *Foster* to delay the limitations period under § 2244(d)(1)(C). *Foster* was not decided by the United States Supreme Court, a prerequisite for application of the limitations provision set forth in § 2244(d)(1)(C). In any event, the Ohio Supreme Court in *Foster* expressly stated that its decision extended only to cases still pending on direct review. *Foster,* 845 N.E.2d at 499. Because petitioner's direct appeal had been denied three years earlier, petitioner is unable to prevail on any claim that *Foster* may be applied retroactively to his case.

In addition, the limitations period set forth in Section 2244(d)(1)(B) does not apply to this case. Section 2244(d)(1)(B) provides the one-year limitation period begins on "the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action." Petitioner contends the State of Ohio impeded his ability to file his habeas corpus petition because he was not "allowed access to a law library," as noted in "Respondent's Exhibit 13," and "had no assistance in pursuing his legal issues." (Doc. 12 at 2).

Exhibit 13 is a copy of petitioner's pro se motion for leave to appeal in the Ohio Court of Appeals which states his appeal was delayed because he was incarcerated at the Corrections Reception Center and could not get to the law library without a pass. The pass was delayed and petitioner also had to wait for copies to be made. (Doc. 11, Exh. 13 at 3). While this may explain the one-week delay in the filing of petitioner's pro se notice of appeal in the Court of Appeals, it

8

does not explain the nearly four year delay in the filing of his habeas petition.[5] The record otherwise fails to support petitioner's contention that his inadequate or limited access to the law library prevented him from timely filing his habeas petition. *See Maclin v. Robinson,* 74 Fed. Appx. 587, unpublished, 2003 WL 22089274 (6th Cir. September 8, 2003) (limited access to prison law library does not constitute state created impediment under 28 U.S.C. § 2244(d)(1)(B)). *See also Horton v. Warden,* Case No. 2:07-cv-525, 2008 WL 687136, *3 (S.D. Ohio March 11, 2008) (Holschuh, J.). At the time petitioner was convicted and sentenced, the statute of limitations in habeas corpus cases had long been in effect, and it would not have been reasonable for petitioner to remain ignorant of the filing requirement for federal habeas corpus cases. There is no reason to conclude that petitioner did not have constructive knowledge of the one-year filing requirement. Lack of actual notice, and "ignorance of the law, even for an incarcerated *pro se* petitioner generally does not excuse [late] filing." *Ralph v. Warden, Ross Correctional Inst.,* No. 2:07-cv-199, 2008 WL 659708, *5 (S.D. Ohio March 6, 2008) (Marbley, J.) (quoting *Fisher v. Johnson,* 174 F.3d 710, 714-15 (5th Cir.1999); *see also United States v. Baker,* 197 F.3d 211, 218 (6th Cir.1999); *Rose v. Dole,* 945 F.2d 1331, 1335 (6th Cir.1991)). The record fails to establish that petitioner's *pro se* status or insufficient time at the prison's law library prevented him from litigating his claims. Petitioner fails to allege any other facts indicating that state officials in any way impeded his ability to seek legal advice or help in filing a timely habeas petition. Therefore, the statute of limitations set forth in Section 2244(d)(1)(B) does not apply to delay the commencement of the statute in this case.

---

[5] As explained above, petitioner was appointed counsel to represent him on direct appeal to the Ohio Court of Appeals and counsel filed a timely notice of appeal on petitioner's behalf.

Under § 2244(d)(1)(A), petitioner's conviction became "final" on May 12, 2003, forty-five days after the Ohio Court of Appeals' March 23, 2003 decision affirming the judgment of the trial court. (Doc. 11, Exh. 11).[6] Therefore, the statute of limitations commenced running the following day on May 13, 2003, and expired one year later on May 13, 2004, *see* Fed. R. Civ. P. 6; *Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000), absent the application of the statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2) or any other applicable tolling principles.

Section 2244(d)(2) states that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." *Id.* See *Austin v. Mitchell*, 200 F.3d 391, 393 (6th Cir. 1999), *cert. denied*, 530 U.S. 1210 (2000). *See also Bennett v. Artuz*, 531 U.S. 4, 8-9 (2000).

Petitioner filed his application to reopen his direct appeal pursuant to Ohio App. R. 26(B) in the Ohio Court of Appeals on June 20, 2003. At this point, the statute of limitations had run for 38 days. The statute remained tolled until December 24, 2003, the date the Supreme Court of Ohio dismissed petitioner's appeal as not involving any substantial constitutional question.[7] (Doc. 11, Exh. 21). The statute resumed running on December 25, 2003 and expired 327 days

---

[6] Under Ohio law, petitioner had forty-five day to file an appeal to the Supreme Court of Ohio from the date of decision of the Ohio Court of Appeals. *See* Rule 11, Section 2(A)(1), Rules of Practice of the Supreme Court of Ohio. Because the 45th day ended on a Saturday, May 10, 2003, the appeal deadline was extended to the first business day or Monday, May 12, 2003. *See* S.Ct. Prac. R. XIV, Section 3(A).

[7] The statute did not remain tolled for the additional 90 days in which petitioner could have appealed to the United States Supreme Court. *See Lawrence v. Florida*, 549 U.S. 327, 337 (2007). Prior to the Supreme Court's decision in *Lawrence*, the Sixth Circuit held that a petitioner's application for post-conviction relief in a state court remained "pending" for purposes of tolling the statute of limitations for the additional 90-day period that the petitioner could seek U.S. Supreme Court review of the state's final judgment. *Abela v. Martin*, 348 F.3d 164, 172-73 (6th Cir. 2003), overruled by *Lawrence*, 549 U.S. 327. After *Lawrence*, however, § 2244(d)(2) does not toll the one-year limitations period for a state application for post-conviction relief during the pendency of a petition for certiorari.

later on November 16, 2004.

Petitioner's motion for post-conviction relief, filed on October 10, 2006, does not serve to toll the statute of limitations since the statute expired before the motion was filed. Section 2244(d)(2)'s tolling provision "does not . . . 'revive' the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (citation omitted). Since the AEDPA's one-year period had expired nearly two years before petitioner filed his motion for post-conviction relief, there was no time left to toll, and the AEDPA's tolling provision does apply.

The statute of limitations in this matter expired on November 16, 2004. Petitioner's habeas corpus petition was filed in this Court on February 27, 2008 and, accordingly, it was submitted over three years too late.

Although the statute of limitations may be equitably tolled in limited circumstances, *Allens v. Yukins*, 366 F.3d 396 (6th Cir.), *cert. denied*, 543 U.S. 865 (2004), petitioner is not entitled to equitable tolling in this matter. Before equitable tolling is appropriate, petitioner must demonstrate: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (citation and quotation marks omitted). Equitable tolling decisions are made on a case-by-case basis. *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005). In *Souter*, the Sixth Circuit held that "equitable tolling of the one-year limitations period based on a credible showing of actual innocence is appropriate." 395 F.3d at 599 (following *Schlup v. Delo*, 513 U.S. 298 (1998)). The *Souter* Court held that "where an otherwise time-barred habeas petitioner can

11

demonstrate that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying constitutional claims." *Souter*, 395 F.3d at 602.

If petitioner fails to establish actual innocence under the standard enunciated in *Souter*, the Court examines the five factors outlined in *Dunlap v. United States*, 250 F.3d 1001 (6th Cir. 2001), *cert. denied*, 122 S.Ct. 649 (2001), to determine whether equitable tolling of the limitations period is appropriate. In determining whether the statute of limitations should be equitably tolled, the court must consider the following factors:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) the petitioner's diligence in pursuing his rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap*, 250 F.3d at 1008 (citing *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988)). The absence of prejudice to respondent is not an independent basis for invoking the doctrine of equitable tolling. *Dunlap*, 250 F.3d at 1009; *Andrews*, 851 F.2d at 151(citing *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 152 (1984)). The absence of prejudice may only be considered when other factors of the test are met. *Id.*

First, petitioner does not meet his burden of establishing actual innocence under *Souter*. To make the necessary showing, petitioner must support his allegations of constitutional error "with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Schlup*, 513 U.S. at 324. Because petitioner has provided no new exculpatory evidence, *Souter* does not

12

apply to toll the statute of limitations. *See Ross v. Berghuis*, 417 F.3d 552, 555 (6th Cir. 2005).

Second, equitable tolling is not appropriate under the *Dunlap* factors. Petitioner has made no attempt to apply the five *Dunlap* factors to this case. Moreover, there is no evidence in the record that even remotely suggests petitioner lacked notice or constructive knowledge of the filing requirement for federal habeas petitions or that he has been diligent in pursuing his rights. Petitioner's ignorance of the law does not suffice to equitably toll the statute of limitations in this case. *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991). Therefore, equitable tolling under *Dunlap* is inappropriate in this case.

Accordingly, in sum, the undersigned concludes that under the applicable one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), the petition is time-barred and should be dismissed.[8]

### IT IS THEREFORE RECOMMENDED THAT:

1. The petition be **DISMISSED** with prejudice on the ground that it is barred from review under the one-year statute of limitations set forth in 28 U.S.C. § 2244(d).

2. Petitioner's motion for summary judgment (Doc. 12) be **DENIED**.

3. Petitioner's motion for appointment of counsel be **DENIED** because no evidentiary hearing is required in this matter and the issues raised are straightforward and capable of

---

[8]In any event, petitioner's sentencing claims are without merit. Petitioner's sentences did not implicate *Blakely*. Petitioner was sentenced two years prior to *Blakely* and *Blakely* is not retroactively applicable on collateral review. *See Humphress*, 398 F.3d at 860; *Winters v. Warden, Noble Correctional Institute*, No. 1:06-cv-428, 2007 WL 2733995 at *5-6 (S.D. Ohio September 13, 2007) (Dlott, J.) (adopting Report and Recommendation), unreported. In addition, petitioner was not sentenced under the post-*Foster* sentencing statute and, therefore, that decision could not have any impermissible ex post facto effect in his case.

13

resolution on the record. *See Terrovona v. Kincheloe,* 912 F.2d 1176, 1177 (9th Cir. 1990), *cert. denied,* 499 U.S. 979 (1991); *Ferguson v. Jones,* 905 F.2d 211, 214 (8th Cir. 1990); *see also Reese v. Fulcomer,* 946 F.2d 247, 264 (3d Cir. 1991), *cert. denied,* 503 U.S. 988 (1992).

4. A certificate of appealability should not issue with respect to the petition, which this Court has concluded is barred by the statute of limitations, because under the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling.[9]

5. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith" and, therefore, **DENY** petitioner leave to proceed on appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: 2/3/09

Timothy S. Hogan
United States Magistrate Judge

---

[9] Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim. *See Slack,* 529 U.S. at 484.

14

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

LARRY WILLIAMS,
    Petitioner,

vs.

TIMOTHY BRUNSMAN, WARDEN,
    Respondent.

Civil Action No. 1:08-cv-136

Spiegel, J.
Hogan, M.J.

## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Hogan, United States Magistrate Judge, in the above-entitled habeas corpus action brought under 28 U.S.C. § 2254. Any party may object to the Magistrate Judge's Report and Recommendation within **TEN (10) DAYS** of the filing date of this R&R. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s) Any response by an opposing party to the written objections shall be filed within TEN (10) DAYS after the opposing party has been served with the objections. A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).