UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LARRY WILLIAMS,  :
 : NO. 1:08-CV-00136
　　Petitioner,  :
 : **OPINION AND ORDER**
 :
　v.  :
 :
 :
TIMOTHY BRUNSMAN, WARDEN,  :
 :
　　Respondent.  :

　　This matter is before the Court on the Magistrate Judge's Report and Recommendation (doc. 16), and Petitioner's Objections to the Report (doc. 18). For the reasons stated herein, the Court ADOPTS the Report and Recommendation in its entirety.

　　The Court incorporates here the thorough recitation of the procedural and factual background found in the Magistrate Judge's Report and Recommendation (doc. 16). Petitioner, an inmate in state custody, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, which was received by the Court on February 27, 2008, alleging: (1) his consecutive sentences violate the ex post facto clause, citing State v. Foster and Blakely v. Washington, (2) his sentence violates due process because he was sentenced for crimes which are allied offenses of similar import, (3) his sentence for crimes which are allied offenses of similar import violates Blakely v. Washington (doc. 3). Petitioner filed a subsequent motion for leave to amend the complaint, which the

Magistrate Judge granted and construed as a motion to supplement his petition and raise an additional claim that the Petitioner was prosecuted twice for the same crime in violation of the prohibition against double jeopardy (doc. 16). Respondent then filed a return of Writ, arguing that the petition is time-barred and should be dismissed, that Petitioner's grounds for relief have been procedurally defaulted and waived, and that the grounds for relief are without merit (doc. 11). Subsequently, Petitioner filed motions for summary judgment (doc. 12) and to appoint counsel (doc. 13).

In his Report and Recommendation, the Magistrate Judge thoroughly reviewed the factual and procedural background, and concluded that the instant petition is untimely under the one-year statute of limitations set forth in 28 U.S.C. § 2244(d) and should be dismissed as time-barred (doc. 16). The Magistrate Judge found that because each of Petitioner's grounds for relief involve allegations of error that arose at the time of sentencing, they are governed by the statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), and began to run when Petitioner's conviction became "final" by the conclusion of direct review or the expiration of time for seeking such review (Id.). Therefore, because Petitioner's conviction became final on May 12, 2003, the statute of limitations would expire one year later on May 13, 2004, absent the application of the statutory tolling provision set forth in 28

U.S.C. § 2244(d)(2) or any other applicable tolling principles (Id.). The Magistrate Judge noted that under 28 U.S.C. §2244(d)(2), Petitioner's application for direct appeal tolled the statute until December 24, 2003, and therefore the statute of limitations expired November 16, 2004, well before Petitioner filed the instant writ (Id.). Further, the Magistrate Judge found that Petitioner is not entitled to equitable tolling in this matter because there is no evidence that Petitioner lacked notice or constructive knowledge of the filing requirement, nor that he is actually innocent (Id., citing Dunlap v. United States, 250 F.3d 1001 (6th Cir. 2001); Souter v. Jones, 395 F.3d 577 (6th Cir. 2005)).

Petitioner objects to the Report and Recommendation, reasserting his claim of double jeopardy and arguing that he is entitled to equitable tolling under Souter v. Jones because he was not furnished a trial transcript and was not informed of a sentencing enhancement (doc. 18).

Upon review of the record, including Petitioner's objections, the Court agrees with the Magistrate Judge's conclusion. Petitioner does not dispute that the statute of limitations have run on his grounds for relief, and instead argues that he is entitled to equitable tolling under Souter v. Jones, which stated equitable tolling is appropriate "where an otherwise time-barred habeas petitioner can demonstrate that it is more likely than not that no reasonable juror would have found him

-3-

guilty beyond a reasonable doubt." 395 F.3d at 602. However, Petitioner does not argue that he is actually innocent but rather that he was not provided with a trial transcript or informed of a sentencing enhancement, neither of which entitle Petitioner to equitable tolling under Souter. Having fully considered this matter, the Court finds the Magistrate Judge's Report and Recommendation well-reasoned, thorough, and correct.

**II. Conclusion**

For the foregoing reasons, the Court OVERRULES Petitioner's objections and ADOPTS the Report and Recommendation in its entirety (doc. 16). Therefore, the Court:

1) DENIES WITH PREJUDICE the petition for writ of habeas corpus under 28 U.S.C. § 2254 (doc. 3).

2) DENIES Petitioner's Motion for Summary Judgment (doc. 12).

3) DENIES Petitioner's Motion for Appointment of Counsel (doc. 13), because there is no evidentiary hearing required in this matter and the issues raised are straightforward and capable of resolution on the record. See Terrovona v. Kincheloe, 912 F.2d 1176, 1177 (9th Cir. 1990); Ferguson v. Jones, 905 F.2d 211, 214 (8th Cir. 1990).

4) DOES NOT ISSUE a certificate of appealability because jurists of reason would not find it debatable whether the Court is correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473,

484-85 (2000).

      5) CERTIFIES pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Order would not be taken in "good faith," and therefore DENIES petitioner leave to appeal in forma pauperis.

      SO ORDERED.

Dated: March 26, 2009        s/S. Arthur Spiegel
                                      S. Arthur Spiegel
                                      United States Senior District Judge